| | |
|---|---|
| 1 | William G. Miossi (*pro hac vice admission pending*) |
|   | WMiossi@winston.com |
| 2 | WINSTON & STRAWN LLP |
|   | 1901 L Street, NW |
| 3 | Washington, DC 20036 |
|   | Telephone:     (202) 282-5000 |
| 4 | Fax:              (202) 282-5100 |

Leandro F. Delgado (SBN 293738)
LDelgado@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400

Attorneys for Plaintiffs
PASHA HAWAII HOLDINGS LLC
AND SUNRISE OPERATIONS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PASHA HAWAII HOLDINGS LLC; and SUNRISE OPERATIONS LLC, | **Case No. 3:20-cv-9439** |
| Plaintiffs, | PASHA HAWAII HOLDINGS LLC AND SUNRISE OPERATIONS LLC'S COMPLAINT FOR DECLARATORY JUDGMENT |
| v. | |
| AMERICAN MARITIME OFFICERS; INTERNATIONAL ORGANIZATION OF MASTERS, MATES & PILOTS; and DISTRICT NO. 1 – PACIFIC COAST DISTRICT, MEBA, | |
| Defendants. | |

**INTRODUCTION**

This case concerns three labor unions each claiming exclusive jurisdiction over the same jobs on two U.S flag ocean cargo vessels which will be powered by liquified natural gas (each an "LNG Vessel" and collectively the "LNG Vessels"). The LNG Vessels are currently under construction in Texas; one of them, *George III*, is scheduled to be delivered by the shipyard in the first quarter of 2021 and the second, *Janet Marie*, is scheduled to be delivered by the shipyard in the third quarter of 2021. The three labor unions make their claims under their respective collective bargaining agreements ("CBAs") with Plaintiffs. The three unions separately demand that only their members must be employed aboard the LNG Vessels because Plaintiffs Pasha Hawaii Holdings LLC ("Pasha Hawaii") and Sunrise Operations LLC ("Sunrise"), which are both majority owned by The Pasha Group, are parties to CBAs with the unions that -- according to the unions -- require Plaintiffs to employ licensed officers and engineers only from among each union's ranks. The unions make these overlapping claims of exclusive jurisdiction in direct competition with each other's collective bargaining contracts with Plaintiffs. Consequently, Plaintiffs are caught in the middle and petition the Court for a declaration resolving the competing union parties' contractual claims.

There are currently six vessels in the fleet of vessels moving cargo for Pasha Hawaii's customers between the West Coast of the continental United States and Hawaii (the "Hawaii Trade Lane"). In April 2015, the *Marjorie C* was delivered to Pasha Hawaii, joining the *Jean Anne* to be the second U.S. flag oceangoing cargo vessel operated by Pasha Hawaii in the Hawaii Trade Lane. As a party to a CBA with Defendant American Maritime Officers ("AMO") under which AMO provides both licensed deck and licensed engineer officers to vessels operated by Pasha Hawaii, Pasha Hawaii crews both the *Jean Anne* and the *Marjorie C* with AMO officers.

As of May 29, 2015, through a sale by Horizon Lines, Inc. of all of its assets in its Hawaii Trade Lane business to The Pasha Group, Sunrise became the operator of four U.S. flag oceangoing cargo vessels in the Hawaii Trade Lane, the *Horizon Enterprise*, the *Horizon Pacific*, the *Horizon Reliance*, and the *Horizon Spirit* (the "Horizon Vessels"). Prior to that sale, the Horizon Vessels were crewed by officers of Defendant the International Organization of Masters, Mates & Pilots ("MM&P") and District No. 1 – Pacific Coast District of the Marine Engineers' Beneficial Association ("MEBA"),

under a separate CBA with each of those unions. Under the terms of Horizon Lines' CBAs with MM&P and MEBA, at the time of the sale Sunrise was obliged to assume all of Horizon Lines' rights and obligations under those CBAs. *See* **Exhibit C**. As of May 29, 2015, therefore, Sunrise commenced operation of the four Horizon Vessels and crewed them with licensed deck officers of MM&P and licensed engineers of MEBA. As of May 29, 2015, Pasha Hawaii became the time charterer of the Horizon Vessels, which also transport cargo in the Hawaii Trade Lane for its customers. Thus, as of May 29, 2015, there were six vessels, two with officers from AMO and four with deck officers from MM&P and engineer officers from MEBA.

Based on their respective CBAs, each union has claimed exclusive jurisdiction over the LNG Vessels that will enter the Hawaii Trade Lane in 2021, the *George III* and the *Janet Marie*. MM&P has sued both Plaintiffs in federal court alleging it has jurisdiction over the LNG Vessels and demanding that its members be trained for licensed officer jobs aboard those vessels. AMO has filed a contract grievance against Pasha Hawaii under its CBA making similar allegations, and AMO has threatened to sue over those allegations in federal court, as well. MEBA, likewise, has claimed jurisdiction over the LNG Vessels during on-going renegotiations of its CBA with Sunrise. In sum, each union claims *its* CBA exclusively covers the *George III* and the *Janet Marie*, requiring Plaintiffs to crew these new vessels with each union's members to the exclusion of all others.

The provisions in the CBAs on which the Unions rely to make their claims are nearly identical across all three CBAs. The interpretation of the language of the CBAs and the Unions' claims over the *George III* and the *Janet Marie* thus present a dispute ripe for resolution under the Labor Management Relations Act and the Declaratory Judgment Act. Plaintiffs are faced with apparently colorable claims by all three unions and file this Complaint for Declaratory Relief to seek the Court's assistance in bringing all parties together to determine the rights and obligations, if any, of each Defendant to crew the LNG Vessels under the parties' respective CBAs.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and pursuant to 28 U.S.C. § 1331.

2. Plaintiffs are employers in an industry affecting commerce, as those terms are defined

in 29 U.S.C. §§ 142 and 152.

3. Defendants are labor organizations representing employees in an industry affecting commerce, as those terms are defined in 29 U.S.C. §§ 142 and 152.

4. This Court has jurisdiction to grant declaratory and further proper relief pursuant to the Declaratory Judgment Act ("DJA") 28 U.S.C. §§ 2201–02.

5. Venue is proper in this district pursuant to 29 U.S.C. § 185(c) and 28 U.S.C. § 1391(b)(2)–(3).

## INTRADISTRICT ASSIGNMENT

6. Assignment to the Oakland or San Francisco Division is proper because a substantial part of the events or omissions which give rise to the claim occurred in Marin and Alameda Counties, California.

## PARTIES

7. Plaintiff Pasha Hawaii Holdings LLC is a Hawaii limited liability company doing business in California with its principal place of business at Topa Financial Center, Fort Street Tower, 745 Fort Street, Suite 315, Honolulu, HI 96813.

8. Plaintiff Sunrise Operations LLC is a North Carolina limited liability company with its principal place of business at 7427 Matthews Mint Hill Road, Suite 105, PMB 405, Mint Hill, North Carolina 28227.

9. Defendant American Maritime Officers is a labor organization with offices at 1121 7th Street, Second Floor, Oakland, CA 94607.

10. Defendant the International Organization of Masters, Mates & Pilots is a labor organization with offices at 548 Thomas L. Berkley Way, Oakland, CA 94612.

11. Defendant District No. 1 – Pacific Coast District of the Marine Engineers' Beneficial Association is a labor organization with offices at 548 Thomas L. Berkley Way, Oakland, CA 94612.

## FACTUAL ALLEGATIONS

**A.   The New Vessels: *George III* and *Janet Marie***

12. The *George III* and *Janet Marie* are currently under construction. They will be 774-foot long containerships fueled by LNG and will be registered under the U.S. flag and time chartered

to Pasha Hawaii. As a time charterer, Pasha Hawaii will have the right to ship its customers' cargo aboard the LNG Vessels but will not own or operate those vessels.

13. The *George III* is expected to be delivered in the first quarter of 2021, and the *Janet Marie* is expected to be delivered in the third quarter of 2021.

### B. The American Maritime Officers Union CBA

14. The AMO has crewed the *Jean Anne* and the *Marjorie C* since those vessels were delivered, respectively in 2005 and 2015, under collective bargaining agreements with Pasha Hawaii or its predecessor. In January 2018, Pasha Hawaii entered into the current collective bargaining agreement with AMO ("the AMO CBA").

15. The AMO CBA governs the employment terms and conditions of "Licensed Officers" serving aboard oceangoing vessels covered by the agreement. The AMO CBA defines Licensed Officers as all Masters, Licensed Deck Officers, Chief Engineers, and Licensed Assistant Engineers.

16. Article I, Section 1(A), of the AMO CBA provides that Pasha Hawaii "recognizes [AMO] as the sole and exclusive bargaining representative of all licensed Officers employed on board U.S. flagged ocean-going vessels owned or operated by [Pasha Hawaii]." **Exhibit A** (Relevant Excerpts from AMO CBA). And Section 3 of the same Article describes the manner of assigning officers "on new vessels." *Id.*

17. Relying in part on these provisions, after Sunrise entered into the crewing agreement for the *George III* referenced in Paragraph 24, AMO lodged a formal grievance under the AMO CBA against Pasha Hawaii claiming jurisdiction over the *George III* and the *Janet Marie*, and demanding that the Licensed Officer positions aboard the new vessels be filled with AMO members. AMO has further argued that Pasha Hawaii has violated its obligations under the parties' CBA and that it will sue in federal court to require Pasha Hawaii to hire AMO Licensed Officers aboard the LNG Vessels. **Exhibit B** (Grievance Letters from AMO).

### C. The International Organization of Masters, Mates & Pilots CBA

18. On or about May 27, 2015, Sunrise became party to a collective bargaining agreement with MM&P ("the MM&P CBA") when four U.S. flag ocean cargo vessels were acquired from Horizon Lines, Inc. The MM&P CBA governs the employment terms and conditions of Licensed

Deck Officers ("LDOs") serving aboard the Horizon Vessels. The LDOs are licensed by the U.S. Coast Guard, and they include the captain (or master), chief mate, second mate, and third mate position.

19. The Horizon Vessels—the *Horizon Enterprise*, the *Horizon Pacific*, the *Horizon Reliance*, and the *Horizon Spirit*—have changed ownership several times over the years. As a result, different companies have employed the LDOs over the years, and each of those companies has agreed to be bound by the terms of the MM&P CBA for the duration of their employment relationship with the LDOs.

20. Sunrise assumed all rights and obligations under the MM&P CBA, as described in the Assignment and Assumption Agreement, from the MM&P LDOs' previous employers, Horizon Lines, Inc. and Horizon Lines LLC. **Exhibit C** (Assignment and Assumption Agreement).

21. Section II of the MM&P CBA, titled "Recognition and Preference of Employment," provides that Sunrise "recognizes [MM&P] as the sole representative for collective bargaining of its Licensed Deck Officers . . . on U.S. — Flag oceangoing vessels." **Exhibit D** (Relevant Excerpts from MM&P CBA). And Section V, titled "Vessels Bound by the Agreement," provides that the MM&P CBA "covers the Licensed Deck Officers employed on oceangoing U.S.-flag vessels, owned, operated or bareboat chartered (both at present or at any time during the life of this Agreement) by the Company or any of its subsidiaries or affiliates (whether so at present or at any time during the life of this Agreement) as an owner, agent, operator or bareboat charterer." *Id.*

22. Relying in part on these provisions, MM&P has claimed Sunrise is contractually obligated to fill the LDO positions aboard the *George III* and the *Janet Marie* with MM&P members.

23. On July 15, 2020, MM&P filed a lawsuit in federal district court against Plaintiffs alleging violations of the MM&P CBA, and seeking to compel arbitration of its claim that the MM&P CBA covers the LNG Vessels and requires Plaintiffs to train MM&P members for LDO positions aboard those vessels. *See* Complaint, *Int'l Org. Masters, Mates & Pilots v. The Pasha Group, et al.*, 3:20-cv-04722-JD (N.D. Cal. July 15, 2020), ECF No. 1.[1] MM&P has repeated these claims to Sunrise

---

[1] Since the filing of the MM&P Complaint, an arbitrator has found the MM&P CBA does not permit arbitration of disputes under the agreement unless the parties have first submitted their dispute to an alternative dispute resolution body called the Licensed Personnel Board.

5
COMPLAINT FOR DECLARATORY JUDGMENT— CASE NO. 3:20-CV-9439

1  since filing that lawsuit.  **Exhibit E** (Correspondence between Sunrise and MM&P).

2  24.  Earlier this year, Sunrise became the crewing manager of the *George III* and, in
3  accordance with its CBAs with MM&P and MEBA, Sunrise will crew the *George III* with licensed
4  deck officers of MM&P and licensed engineers of MEBA.

### D.  Marine Engineers Beneficial Association CBA

25.  On or about May 27, 2015, Sunrise also became party to a collective bargaining agreement with MEBA ("the MEBA CBA") when the four Horizon Vessels were acquired.  The MEBA CBA governs the employment terms and conditions of Licensed Engineers ("Engineer") serving aboard the Horizon Vessels.  The Engineer are licensed by the U.S. Coast Guard, and they include the Chief Engineer, the First Assistant Engineer, the Second Assistant Engineer, and the Third Assistant Engineer.

26.  Sunrise assumed all rights and obligations under the MEBA CBA, as provided in the Assignment and Assumption Agreement, from the MEBA Engineers' previous employers, Horizon Lines, Inc. and Horizon Lines LLC.  **Exhibit C**.

27.  Section 1 of the MEBA CBA, titled "Recognition and Preference of Employment," provides that Sunrise "recognizes [MEBA] as the sole representative of its licensed engineers for the purpose of collective bargaining" and that "when hiring any licensed engineer . . . the employee shall be obtained through the offices of [MEBA]."  **Exhibit F** (Relevant Excerpts from MEBA CBA).  And Section 41, titled "Coverage of Agreement," provides that the MEBA CBA

> covers all licensed marine engineers employed on US flag ocean-going, dry cargo and passenger vessels, of whatever type, owned or operated (both at the present or at any time during the life of this Agreement) by [Sunrise], or its subsidiary or affiliate, or by an entity for which [Sunrise] acts as a bargaining agent, and whether operated as an agent or under a bareboat charter, including vessels owned by [Sunrise] or its subsidiary or affiliate and operated by another entity, but not including a vessel operated on a time charter basis.  In the event [Sunrise] places into operation a new type of ocean-going vessel, the parties shall meet and negotiate such terms and conditions of employment as may be appropriate.

*Id.*

28.  Relying on these provisions, MEBA has claimed—and Sunrise has contested and continues to contest—the *George III* and the *Janet Marie* "fall under [its] CBA" during ongoing renegotiations of its agreement with Sunrise.  **Exhibit G** (Correspondence between Sunrise and

MEBA).

## CLAIM FOR RELIEF
### (Declaratory Judgment Under the LMRA (29 U.S.C. § 185) and the DJA (28 U.S.C. § 2201))

29.     Plaintiffs repeat and incorporate by reference each of the foregoing allegations as if fully set forth herein.  A controversy exists between Plaintiffs and Defendants regarding their respective rights and obligations under their respective CBAs.  Each union claims its CBA covers the LNG Vessels (the *George III* and *Janet Marie*), claims exclusive jurisdiction over the LNG Vessels, and demands that only its members be employed on those vessels.  Each Plaintiff has rejected the Defendants' assertion of jurisdiction under their respective CBAs and the unions' demands that jobs on the vessels be filled exclusively by their respective members.

30.     MM&P has sued Plaintiffs in federal court asserting the MM&P CBA covers the *George III* and the *Janet Marie*, alleging violations of the MM&P CBA, and demanding that its members be trained for jobs aboard these new vessels.  AMO has filed formal grievances under the AMO CBA asserting the AMO CBA covers the *George III* and the *Janet Marie*, alleging violations of the AMO CBA, and demanding that jobs aboard the *George III* and the *Janet Marie* be filled with its members.  And MEBA has claimed its CBA covers the *George III* and the *Janet Marie* during ongoing successor contract negotiations with Sunrise and has demanded that its jurisdiction over the vessels be explicitly recognized under its contract with the company.

31.     In light of the unions' respective overlapping claims that Plaintiffs have violated or are violating their respective contracts with the unions, Plaintiffs need a judicial determination of their obligations, if any, to the unions with respect to the *George III* and the *Janet Marie* under the MM&P CBA, the AMO CBA, and the MEBA CBA.

32.     A judicial judgment and declaration is necessary and appropriate at this time given these circumstances, because the *George III* is scheduled to be delivered in the first quarter of 2021 and the *Janet Marie* is expected to come into service in the third quarter of 2021.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment as follows:

a. A declaration and judgment from this Court as to whether any of the collective bargaining agreements between the Plaintiffs and the Defendants cover the vessels *George III* and *Janet Marie*, and if so, which collective bargaining agreement.

b. For such other and further relief as this Court deems proper.

Dated: December 30, 2020

WINSTON & STRAWN LLP

By: _____/s/  William G. Miossi_____

William G. Miossi (*pro hac vice admission pending*)
WMiossi@winston.com
1901 L Street, NW
Washington, DC 20036
Telephone:  (202) 282-5000
Fax:            (202) 282-5100

Leandro F. Delgado (SBN 293738)
LDelgado@winston.com
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400

Attorneys for Plaintiffs
PASHA HAWAII HOLDINGS LLC and
SUNRISE OPERATIONS LLC